IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEVIN ROBERTSON,             *

    Appellant,           *

    v.                   *      CIVIL NO.: WDQ-13-2553

UNITED STATES,               *

    Appellee.            *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Kevin Robertson *pro se* appealed the final order entered by the United States Bankruptcy Court for the District of Maryland dismissing Robertson's complaint. For the following reasons, the Court will affirm the bankruptcy court's decision.

I.   Background

On February 14, 2012, Robertson filed a complaint in his bankruptcy proceeding arguing that his 1999 through 2002 federal tax debt should have been discharged. *See* ECF No. 9 at 2.[1] Robertson had not filed his 1999, 2000, 2001, and 2002 federal tax returns before he received his bankruptcy discharge on February 26, 2004. *See id.* at 3. Robertson filed his 2001 tax return on February 12, 2007, and his 2002 tax return on November 2, 2005. *Id.* n.2. As of May 29, 2012, Robertson had not filed

---

[1] May 29, 2012 order in *Robertson v. U.S.*, Adv. No. 12-116 (USBR Md.).

his 1999 and 2000 tax returns. *Id.* On May 29, 2012, the bankruptcy court in that case granted summary judgment to the United States and dismissed Robertson's complaint, holding that the tax debt was excepted from discharge under 11 U.S.C. § 523(a)(1)(B)(i) because the underlying returns had not been filed. *Id.* The bankruptcy court held that, because the tax debt had not been discharged, there was no legal basis to enjoin the Internal Revenue Service from collecting the debt. *Id.*

On February 4, 2013, Robertson filed the instant complaint in bankruptcy court. ECF No. 1-2. Robertson alleged that the United States issued unauthorized levies on his wages to collect unpaid 1999 through 2000 federal income taxes. *See* ECF No. 1-2 at 1. Robertson alleged that $787.00 was wrongfully taken from his wages by the Internal Revenue Service ("IRS") between February 24, 2011 and March 24, 2011. *See* ECF No. 1-16 at 1. Robertson argued that the liabilities had been discharged in bankruptcy. *See id.* The United States moved to dismiss the case. ECF No. 1-5. On July 29, 2013, the bankruptcy court dismissed Robertson's complaint, determining that he "has already litigated and lost on the same issues presented in the Complaint and further litigation of these issues is barred." ECF No. 1-10 at 2. The bankruptcy court held that Robertson was barred from relitigating these issues based on the decision in

2

*Robertson v. United States*, Adv. No. 12-116 (USBC Md.). On September 4, 2013, Robertson appealed the order. ECF No. 1.

II. Analysis

    A.    Legal Standard

The Court reviews the bankruptcy court's findings of facts for clear error and conclusions of law *de novo*. *See Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006).

    B.    Robertson's Appeal

Robertson argues that the bankruptcy court erred in dismissing his case based on *res judicata* because the court did not have jurisdiction to issue the order in the previous case. *See* ECF No. 3 at 7.

    1.    Jurisdiction for the 2012 Order

Robertson contends that the decision in *Robertson v. U.S.*, Adv. No. 12-116, is void because he had failed to file an administrative claim with the IRS for damages before bringing that action for a determination that his 1999-2002 tax liabilities were discharged. *See* ECF No. 3 at 7-8.

Determining the dischargeability of tax debt is within the jurisdiction of the bankruptcy court.[2] "Bankruptcy judges may

---

[2] *See In re Perry*, 111 B.R. 861, 862 (Bankr. C.D. Cal. 1990) ("Nondischargeability adversary proceedings arise under Title 11 and therefore are within the original jurisdiction of the federal court presiding over the bankruptcy case. As the determination of dischargeability is a matter of federal bankruptcy law, it is within the exclusive jurisdiction of the

3

hear and determine all cases under title 11 and all core proceedings arising under title 11 . . . ."  28 U.S.C. § 157(b)(1).  Core proceedings include "determinations as to the dischargeability of particular debts."  See 28 U.S.C. § 157(b)(2)(I).  Accordingly, the bankruptcy court had jurisdiction to determine the dischargeability of Robertson's tax debt in its 2012 order.[3]

    2.   *Res Judicata*

The bankruptcy court did not err in dismissing Robertson's case based on *res judicata*.  The doctrine of *res judicata* applies in the bankruptcy context.  See *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).[4]  Under the doctrine of *res judicata* "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Pueschel v. U.S.*, 369 F.3d 345, 354 (4th Cir. 2004).

---

bankruptcy or district court.") (internal citations and quotation marks omitted).

[3] As the determination of the dischargeability of the Plaintiff's debt does not require the resolution of state law questions, the bankruptcy court's jurisdiction is not affected by *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

[4] Although *res judicata* does not apply to pre-petition state court judgments in ensuing dischargeability determinations, in this case, the dischargeability judgment was determined post-petition by a bankruptcy court.  See *Brown v. Felsen*, 442 U.S. 127, 132-38 (1979); *In re Gilson*, 250 B.R. 226, 240-41 (E.D. Va. 2000).

In the prior action, *Robertson v. U.S.*, Adv. No. 12-116, Robertson filed a complaint asserting that his 1999-2002 federal tax debt should have been discharged. *See* ECF No. 9 at 2. The bankruptcy court in that case held that his tax debt was excepted from discharge by 11 U.S.C. § 523(a)(1)(B)(i) because the underlying returns had not been filed. *See* ECF No. 9 at 3. The bankruptcy court determined that Robertson's debt was not discharged; thus, Robertson was barred from bringing suit to restrain IRS collection activities. *See* ECF No. 9 at 3; 26 U.S.C. § 7421(a). The bankruptcy court also concluded that Robertson was not entitled to relief under 26 U.S.C § 7433. *See* ECF No. 9 at 3.

In the instant action, Robertson again filed a complaint seeking relief under 26 U.S.C. § 7433 arguing that his 1999 through 2002 tax liability should be discharged, and that the United States was not authorized to garnish his wages as a result. *See* ECF No. 1-2 at 1-3. The present action involves the same parties, same issues, and same cause of action as the final judgment issued by the bankruptcy court in 2012. *See* ECF No. 9. Accordingly, the bankruptcy court in this case properly determined that Robertson was barred from religitating these issues. Because the bankruptcy court did not err in dismissing Robertson's case, the Court will affirm the bankruptcy court's order.

III. Conclusion

For the reasons stated above, the bankruptcy court's order will be affirmed.

\_\_7/30/14_____    \_\_\_\_/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge